IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON J. WEATHERS,<br><br>Plaintiff,<br><br>vs.<br><br>BRENDA BEADLE, County Attorney; DAVID PECHA, Officer #1487; L. ROBERT MARCUZZO, Public Defender #20108; and NATALIE M. ANDREWS, Assistant Public Defender #25720;<br><br>Defendants. | 4:17CV3024<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on February 24, 2017. ([Filing No. 1](#).) He has been given leave to proceed in forma pauperis. ([Filing No. 6](#).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner confined at the Lincoln Correctional Center in Lincoln, Nebraska. ([Filing No. 1 at CM/ECF p. 1](#).) He names four defendants in his Complaint: Chief Deputy Douglas County Attorney Brenda Beadle, Omaha Police Officer David Pecha, and Assistant Douglas County Public Defenders L. Robert Marcuzzo and Natalie Andrews. (*Id.* at CM/ECF p. 4.) Plaintiff alleges that Defendants conspired to convict him when they withheld exculpatory text message evidence from him and gave him (or allowed Defendant Beadle to give him) fabricated text message evidence during discovery. (*Id.* at CM/ECF pp. 4-8.) He asserts that the fabricated evidence resulted in his conviction. (*Id.* at CM/ECF p. 8.) Plaintiff alleges that Defendants violated various Nebraska criminal statutes and

his Fourteenth Amendment civil rights because they tampered with evidence. (*Id.*) He seeks monetary damages. (*Id.* at CM/ECF p. 9.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Plaintiff maintains that Defendants tampered with evidence when they withheld exculpatory text message evidence from him and allowed fabricated evidence to convict him. The court cannot find in Plaintiff's favor based on such arguments without calling into question the legitimacy of his criminal conviction. *Heck* makes clear that Plaintiff may not use a civil rights action to cast doubt on the legality of his conviction or confinement. *Heck*, 512 U.S. at 486-87. Rather, he must first find a favorable outcome in a habeas corpus or other similar proceeding. For these reasons, the court will dismiss Plaintiff's claims against Defendants without prejudice to reassertion in a habeas corpus or other similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants are dismissed without prejudice to reassertion in a habeas corpus or other similar proceeding.

2. The court will enter judgment by separate document.

Dated this 27th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge